UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

SCOTT T.,[1]                                               Case No. 6:19-cv-01682-MK

                    Plaintiff,                              **OPINION**
                                                          **AND ORDER**

        v.

COMMISSIONER, Social Security
Administration,

                    Defendant.
_____

**Kasubhai,** United States Magistrate Judge:

        Plaintiff Scott T. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying his application for supplemental

security income ("SSI") and disability insurance benefits ("DIB") under the Social Security Act

(the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42

U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and

judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. §

636(c). *See* ECF No. 4. For the reasons that follow, the Commissioner's final decision is

REVERSED and this case is REMANDED for further proceedings.

_____

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-
government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for SSI and DIB in April 2015 with an alleged onset date of March 15, 2011.[2] Tr. 16; 182–85; 186–92. The Commissioner denied Plaintiff's application initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 16. Plaintiff appeared and testified at a hearing held on October 30, 2017. *Id.* On January 30, 2018, an ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 16–29. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 30 years old at the alleged onset date. Tr. 28. Plaintiff graduated high school, completed one year of college, and has past relevant work as a massage therapist, gardener-farmer, and produce clerk. Tr. 27; 206; 219. Plaintiff alleges disability based on mental health impairments, including bipolar disorder, anxiety, depression, and post-traumatic stress disorder ("PTSD"). Tr. 22; 204.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court

---

[2] "Tr." citations are to the Administrative Record. ECF No. 8.

must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner

determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found Plaintiff met the insured status requirements of the Act and had not engaged in substantial gainful activity since the alleged onset date. Tr. 19. At step two, the ALJ found Plaintiff had the following severe impairments: schizoaffective disorder, bipolar type and PTSD. Tr. 19–20. At step three, the ALJ found Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a Listed impairment. Tr. 20. Before proceeding to the fourth step, the ALJ assessed Plaintiff's residual functional capacity ("RFC"). The ALJ found that Plaintiff had the RFC to perform a full range of work at all

exertional levels, with the following non-exertional limitations: "he [was] capable of performing simple, routine repetitive tasks that involve no contact with the general public and only occasional incidental contact with coworkers. Tr. 21. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 27–28. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite his impairments. Tr. 28–29. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. *Id.*

## DISCUSSION

Plaintiff asserts that remand is warranted because the ALJ: (1) erroneously rejected Plaintiff's subjective symptom testimony; (2) failed to identify legally sufficient reasons to reject lay witness statements; and (3) improperly weighed the medical opinion evidence. The Court addresses each argument in turn.

## I.    Subjective Symptom Testimony

Plaintiff assigns error to the ALJ's evaluation of his subjective symptom testimony. Pl.'s Op. Br. 10–18, ECF No. 15. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion that the claimant is not credible is insufficient; instead, the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the

claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16-3p, *available at* 2016 WL 1119029, at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

The ALJ rejected Plaintiff's subjective symptom testimony on the grounds that, while Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's "statements concerning the intensity, persistence and limiting effect of his symptoms [were] inconsistent with the objective medical evidence and record as a whole[.]" Tr. 23.

As a threshold issue, Plaintiff contends that the ALJ failed to link the testimony that she found not credible to specific evidence in the record and therefore erroneously rejected the entirety of Plaintiff's subjective symptom testimony. Pl.'s Op. Br. 11–12 (citing *Christie G. v. Commissioner of Social Security*, No. 1:18-cv-01853-MC *5 (D. Or. January 27, 2020)).

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p.

*Christie G.*, however, is readily distinguishable from this case. There, after discounting the claimant's subjective symptom testimony, "the ALJ summarize[d] the medical opinion evidence and assign[ed] weight to the opinions of medical and lay sources, but [did] not clearly relate those findings back to specific portions of [the claimant's] testimony or explain why that evidence contradict[ed the claimant's] testimony." *Christine G.*, 2020 WL 417778, at *5 (D. Or. Jan. 27, 2020). Here, by contrast, the ALJ connected specific medical evidence in the record directly to Plaintiff's assertions of debilitating mental health symptoms and representations of the resulting limitations. Tr. 23–24. Accordingly, *Christie G.* is distinguishable. *See Eugene S. v. Comm'r of Soc. Sec. Administration*, No. 6:19-cv-01692-JR, 2020 WL 6377207, at *2 n.4 (D. Or. Oct. 29, 2020) (distinguishing *Christie G.* on nearly identical grounds).

The Court must next assess whether the evidence the ALJ relied upon suffices as clear and convincing reasons to reject Plaintiff's subjective complaints. The Commissioner asserts the ALJ supplied four valid rationales that undermined Plaintiff's subjective complaints: (A) his treatment history; (B) a lack of objective evidence; (C) reports from his treating providers; and (D) his activities of daily living.

## A.    Treatment History

The Commissioner asserts the ALJ properly rejected Plaintiff's testimony based on conservative treatment and noncompliance. Def.'s Br. 3–4, ECF No. 16. The ALJ noted that Plaintiff's medical records "reflect minimal, if any, mental health treatment" and suggest Plaintiff intentionally did not take psychiatric medications as recommended. Tr. 23–25.

In some circumstances, a claimant's treatment record can form the basis upon which to reject a claimant's testimony. *See, e.g.*, *Parra v. Astrue,* 481 F.3d 742, 750–51 (9th Cir. 2007) (noting that "conservative treatment" was sufficient to discount the claimant's testimony

regarding allegedly disabling pain); *Molina v. Astrue*, 674 F.3d 1104, 1113–14 (9th Cir. 2012)

("[A] claimant's failure to assert a good reason for not seeking treatment . . . can cast doubt on

the sincerity of the claimant's pain testimony.") (citation omitted). An ALJ may also discount

symptom testimony "for lack of consistent treatment," or for an unexplained or inadequately

explained failure to follow a prescribed course of treatment. *Burch*, 400 F.3d at 681; *Tommasetti

v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). However, adjudicators are required to consider

"any explanations that the individual may provide, or other information in the case record, that

may explain" the claimant's failure to follow a treatment plan. *Orn*, 495 F.3d at 638 (quotation

omitted).

Plaintiff's treatment history was not a clear and convincing reason to reject his testimony

for at least two reasons. First, after previously experiencing complications resulting from

medications, *see* Tr. 45–46, Plaintiff's reluctance in taking daily medications due to concerns of

adverse side effects is understandable, Tr. 307, 314, 327; *see also* Tr. 345 (reporting that Plaintiff

"does not tolerate the medications that have been tried"), especially given the fact that Plaintiff

continuously sought treatment as he struggled with his symptoms and indicated he would prefer

to take medication "as needed." Tr. 307. Here, the ALJ failed to consider Plaintiff's reasons for

not following a more aggressive psychotropic regimen. *See Deborah H. v. Comm'r, Soc. Sec.

Admin.*, No. 6:17-cv-01673-SU, 2019 WL 5391388, at *4 (D. Or. Oct. 22, 2019) (finding a

claimant's statement that she was "less than fully compliant with her medication" was not a clear

and convincing reason to reject her testimony because the ALJ failed to consider the claimant's

explanations) (citing *Orn*, 495 F.3d at 638).

Second, the ALJ failed to consider the impact of Plaintiff's mental health impairments on his course of treatment. Plaintiff consistently reported distrust and suspicion of previous diagnoses and a resistance to pharmaceutical options. Tr. 46, 333–34, 339, 342, 345. As the Ninth Circuit has repeatedly instructed when evaluating mental health issues: "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Garrison v. Colvin,* 759 F.3d 995, 1018 n.24 (9th Cir. 2014) (internal quotation marks omitted). Thus, the treatment record was not a clear and convincing reason to reject Plaintiff's testimony.

**B.     Lack of Objective Evidence**

The Commissioner next asserts that the medical evidence did not support Plaintiff's claimed limitations. Def.'s Br. 4–5. Although an ALJ may consider the lack of objective evidence in some circumstances, it may not be the sole basis for rejecting a claimant's subjective symptom testimony. *See Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir. 2001) ("Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.") (internal quotation marks and brackets omitted).

The ALJ cited examinations during which Plaintiff presented with a normal mood and affect; normal behavior; orientation, judgment, insight, and memory all within normal limits; appropriate eye contact; clear attention and concentration; grossly intact memory; and good judgment. Tr. 24–25. The Ninth Circuit, however, has rejected reliance on substantially similar reports. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (rejecting an ALJ's reliance on a claimant's "good eye contact, organized and logical thought content, and focused attention" because "[t]hese observations of cognitive functioning during therapy sessions [did] not

contradict [the claimant's] reported symptoms of depression and social anxiety"); *see also Claire G. v. Berryhill*, No. 3:18-cv-00492-HZ, 2019 WL 2287733, at *10 (D. Or. May 28, 2019) ("Simply pointing to the instances of noted normal or bright mood do not, without a more thorough discussion, show a contradiction between [a claimant's] testimony and the medical record.") (citation omitted).

Further, the ALJ failed to account for contrary assessments in the medical record where Plaintiff's dress, grooming, and personal hygiene were unkempt as well as instances of overwhelming anxiety, limited focus, and high levels of distress. *See, e.g.*, Tr. 337, 339, 341, 342. Because an ALJ may not cherry-pick isolated instances of improved psychological symptoms, this too was not a clear and convincing reason for rejecting Plaintiff's subjective testimony. *Ghanim*, 763 F.3d at 1164 (noting that "observations of cognitive functioning during therapy sessions [did] not contradict [the plaintiff's] reported symptoms of depression and social anxiety"); *Garrison*, 759 F.3d at 1017. As such, the objective record was not a clear and convincing rationale to reject Plaintiff's subjective symptom testimony.

## C.    Reports from Treating Providers

The Commissioner also argues that the ALJ properly rejected Plaintiff's testimony based on inconsistencies with the reports from treatment providers. Def.'s Br. 5–6. Specifically, the Commissioner discussed the absence of mental health treatment prior to 2015, when a treating provider noted Plaintiff was "doing well, having recovered from a divorce two years ago with some mood issues initially, but not requiring [medication]." Tr. 294. The Commissioner also highlights the medical records after Plaintiff's hospitalization due to paranoid delusions in February 2016, where the attending doctor determined Plaintiff's symptoms had resolved and the follow-up consultation indicated some improvement. Tr. 343, 353, 377.

While an ALJ may reject symptom testimony that is unsupported by persuasive reports of treatment providers, *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004), an ALJ may not cherry-pick isolated instances of improved functioning. *Ghanim*, 763 F.3d at 1164. The ALJ must consider Plaintiff's subjective testimony in light of the record as a whole. *Id.* Here, the record demonstrates that Plaintiff consistently exhibited significant PTSD symptoms and schizoaffective disorder, with one provider noting that Plaintiff "clearly needs treatment for both." Tr. 309, 310, 325, 337, 339–45. Furthermore, the Ninth Circuit has held that "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison*, 759 F.3d at 1017. Accordingly, when viewed in the context of the record as whole, Plaintiff's limited reports of short-lived improvements were not clear and convincing reasons for the wholesale rejection of Plaintiff's subjective symptom testimony.

**D.    Activities of Daily Living**

Finally, the Commissioner contends that the ALJ properly rejected Plaintiff's testimony based upon his activities of daily living. Def.'s Br. 6. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways:  (1) where the activities "contradict [a claimant's] testimony"; or (2) as evidence a claimant can work if the activities "meet the threshold for transferable work skills." *Orn*, 495 F.3d at 639. A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the

level of activity to be inconsistent with the claimant's alleged limitations to be relevant to her credibility).

The ALJ cited Plaintiff's ability to perform adequate self-care, prepare simple meals, complete basic household chores, ride public transportation, visit the park, and purchase items with a debit card. Tr. 25. The Ninth Circuit, however, has consistently held that such a modest level of activity is not sufficient to reject a claimant's subjective complaints. *See Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ also asserted that Plaintiff's ability to assist his grandfather and care for a horse "strongly indicate[ed] that [Plaintiff] could perform a limited range of unskilled work involving simple, routine tasks." Tr. 26. However, the ALJ failed to articulate how those limited activities in any way conflicted with Plaintiff's testimony. *See Smolen*, 80 F.3d at 1284 (explaining that to properly discredit a claimant on the basis that her activities contradict her testimony, the "ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion"); *see also Dodrill*, 12 F.3d at 918. As this Court recently observed, an "ALJ's mere recitation of a claimant's activities is insufficient to support rejection of the claimant's testimony as a matter of law." *Jessica E. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-cv-00224-MK, 2020 WL 2083963, at *6 (D. Or. Apr. 30, 2020) (citation omitted). Therefore, this was not a clear and convincing reason to reject Plaintiff's testimony.

In sum, the ALJ failed to supply clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

## II.     Lay Witness Testimony

Plaintiff assigns error to the ALJ's evaluation of the lay witness statements. Pl.'s Op. Br. 18–19. Lay witness testimony regarding the severity of a claimant's symptoms or how an impairment affects a claimant's ability to work is competent evidence that an ALJ must take into account. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). To reject such testimony, an ALJ must provide "reasons that are germane to each witness." *Rounds v. Comm'r*, 807 F.3d 996, 1007 (9th Cir. 2015) (quoting *Molina*, 674 F.3d at 1114 (remaining citation omitted)). Further, the reasons provided must also be "specific." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (citing *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009)). However, where an ALJ has provided clear and convincing reasons for rejecting a claimant's symptom testimony, and the lay witness has not described limitations beyond those alleged by the claimant, an ALJ's failure to provide germane reasons for rejecting lay testimony can be harmless. *Molina*, 674 F.3d at 1121–22.

The record contains one lay witness statement submitted by Plaintiff's spouse. Tr. 240–247. The Commissioner asserts that "because the ALJ gave valid reasons" for rejecting Plaintiff's subjective symptom testimony, "it necessarily follows that she gave germane reasons to discount the similar lay testimony." Def.'s Br. 10. As discussed *supra* in Section I, however, the ALJ in this case failed to supply legally sufficient reasons for rejecting Plaintiff's subjective symptom testimony. The ALJ therefore failed to supply a germane reason to reject the lay witness statement.

### III.   Medical Evidence

Plaintiff contends that the ALJ improperly assessed the medical evidence of record. Pl.'s

Op. Br. 5–10. The ALJ is responsible for resolving conflicts in the medical record, including

conflicting doctors' opinions. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th

Cir. 2008). The law distinguishes between the opinions of three types of physicians: treating

physicians, examining physicians, and non-examining physicians. *See* 20 C.F.R. §§ 404.1527,

416.927.[4] The opinions of treating physicians are generally accorded greater weight than the

opinions of non-treating physicians. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Lester v.*

*Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating or examining doctor's opinion that is not

contradicted by the opinion of another doctor can be rejected only for "clear and convincing"

reasons. *Id*. at 830–31. Where a doctor's opinion is contradicted, however, the ALJ need only

provide "specific and legitimate" reasons for discrediting the opinion. *Bayliss v. Barnhart*, 427

F.3d 1211, 1216 (9th Cir. 2005); *Lester*, 81 F.3d at 830–31.

Douglas Smyth, Ph.D., performed a psychodiagnostic evaluation of Plaintiff in July 2015,

which entailed reviewing Plaintiff's medical records as well as conducting a clinical interview

and mental status exam. Tr. 299. Dr. Smyth diagnosed Plaintiff with schizoaffective disorder,

bipolar type based on "mild-moderate psychotic decompensation," and "mood and energy

swings consistent with bipolar manifestation," as well as "episodic confusion and disorganized

thinking." Tr. 304. Dr. Smyth noted that Plaintiff had difficulty tracking conversational flow and

that Plaintiff's social skills, insight, and judgment "appeared appropriately developed, but

colored by psychotic symptomatology and mood instability." Tr. 302. Significantly, however, as

---

[4] The Commissioner has issued revised regulations changing this standard for claims filed after
March 27, 2017. *See* 20 C.F.R. § 404.1520c. Plaintiff's claim was filed before March 27, 2017,
and therefore is controlled by 20 C.F.R. §§ 404.1527, 416.927.

Plaintiff concedes, the doctor did not include any functional limitations in his opinion. *See* Pl.'s Op. Br. 8 ("Dr. Smyth did not provide a function by function analysis . . . .").

The ALJ assigned Dr. Smyth's diagnostic report and opinion some weight. Tr. 26. Plaintiff contends that the ALJ impermissibly rejected the opinion without identifying legally sufficient reasons. Pl.'s Op. Br. 8–9.[5] The ALJ, however, did not entirely reject Dr. Smyth's opinion. Instead, the ALJ explicitly incorporated some of Dr. Smyth's observations into Plaintiff's residual functional capacity assessment. Tr. 24; 26.

Moreover, assuming without deciding that the ALJ did in fact impermissibly reject the opinion, because the doctor did not include any specific functional limitations the ALJ could reject the opinion on that basis alone. *Marcus P. v. Comm'r, Soc. Sec. Admin.*, No. 6:19-cv-00003-HZ, 2020 WL 5866323, at *9 (D. Or. Sept. 29, 2020) ("An ALJ may properly reject a doctor's report that does not assign any specific limitations on the claimant.") (citing *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010)); *see also Williams v. Berryhill*, No. 3:16-cv-01102-MC, 2017 WL 5900962, at *3 (D. Or. Nov. 30, 2017) ("When an opinion does not prescribe any specific limitations on a claimant, an ALJ need not assume that the medical source intended to include any limitations.") (citation omitted). Accordingly, on this record, the ALJ's evaluation of the medical opinion evidence, including Dr. Smyth's opinion, is supported by substantial evidence.

---

[5] Plaintiff also asserts the ALJ was required to provide "clear and convincing" reasons to reject Dr. Smyth's opinion. Pl.'s Op. Br. 9. However, because the opinion was contradicted by the reports of non-examining physicians, the ALJ was only required to supply "specific and legitimate reasons" to reject the opinion. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

**IV.     Remand**

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

Here, the first requisite is met based on the ALJ's harmful legal errors. As discussed above, the ALJ failed to provide legally sufficient reasons for discrediting Plaintiff's subjective symptom testimony and the lay witness testimony.

As to the second requisite, the Ninth Circuit has held that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citations omitted). Here, the Court finds that the record would benefit from further development. For example, although the ALJ properly incorporated Dr. Smyth's opinion into the RFC, the record is devoid of any treating or examining physician opinion that actually assessed Plaintiff's specific functional limitations.

Accordingly, this case is remanded for further administrative proceedings to:
(1) reevaluate Plaintiff's subjective symptom; (2) order a consultative examination to assess the impact of Plaintiff's mental impairments, including specific functional limitations; (3) conduct a *de novo* review of the medical opinion evidence of record in light of the consultative examiner's opinion; (4) obtain additional VE testimony based on a reformulated RFC; and (5) conduct any further necessary proceedings. *See Burrell v. Colvin*, 75 F.3d 1133, 1141 (9th Cir. 2014).

## CONCLUSION

For the reasons discussed above, the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this <u>7th</u> day of January 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge